[No. 33770. Department One. July 19, 1956.]

THE STATE OF WASHINGTON, *Respondent*, v. MARVIN DARRELL SEWELL, *Appellant*.[1]

*A. Clemens Grady*, for appellant.

*W. J. Daly*, for respondent.

OTT, J.—The defendant was convicted of burglary in the second degree. The court denied defendant's motion in arrest of judgment and for a new trial and entered judgment and sentence on the verdict. The defendant appeals.

[1]Reported in 299 P. (2d) 570.

Appellant contends that the state failed to prove the crime charged, and that the court erred in denying his motion in arrest of judgment.

Three witnesses were called by the state. The manager of the American Legion Club in Port Townsend testified that, at approximately seven o'clock a. m., July 27, 1955, he discovered that the club premises had been entered through a window on the west side of the building; and that two windowpanes in the basement door had been broken.

The sheriff of Jefferson county corroborated the manager's testimony. He also found that someone had attempted to open a cigarette machine, safe, and liquor cabinet, and noticed what appeared to be fingerprints on the broken pieces of glass from the basement door. A fingerprint expert was called to investigate.

The expert testified that the fingerprint on the broken piece of glass from the basement door was the only new print he found; that this fingerprint compared with that of appellant's index finger; and that, in his opinion, it was the fingerprint of appellant. With reference to the time the print was placed on the glass, this witness testified:

"Q. Mr. Zweifel, how long will a fingerprint remain on an object such as glass? A. It depends upon a great number of elements how long it will remain. . . . Q. . . . Isn't it a fact Mr. Zweifel it is difficult to tell how old a fingerprint is? A. Yes, that's true. Q. And isn't it a fact they will exist for months sometimes under proper conditions? A. Under very ideal conditions, extremely ideal."

The state rested its case with the testimony of these witnesses. A motion to dismiss for failure of proof was denied.

The appellant denied that he was at or near the Legion club on the night in question. He testified that he was a cook and manager of his mother's restaurant; that he was a member of the Legion, had club privileges, and patronized the Legion club almost every Friday evening. His alibi was corroborated by other witnesses, who testified that they were with the appellant during the night in question, except for the time from four to five o'clock a. m. The appellant explained that, during that hour, he was in the restaurant pre-

paring a lunch.for himself, the restaurant then being closed to the public.

RCW 9.19.020 [cf. Rem. Rev. Stat., § 2579], defines the crime of burglary in the second degree, in so far as it is applicable to this case, as follows:

·· "Every person who, with intent to commit some crime therein, . . . breaks and enters . . . any building . . . wherein any property is kept for use, sale, or deposit, shall be guilty of burglary in the second degree . . . "

The state's evidence established that appellant's fingerprint was on the broken glass of the rear door, and that someone had entered the premises. The respondent urges that these factual circumstances were sufficient to take the case to the jury.

■ Entry is an essential element in proving the crime of· burglary in the second degree. The fact of entry *by the appellant* was not proved by direct evidence nor was it established by circumstantial evidence, because there was no circumstance from which the jury could determine that the appellant entered the premises.

.In order for the jury to have concluded from such evidence that appellant was guilty, they would have had to speculate and thereby place inference upon inference; first, that the fingerprint was placed on the glass during the evening in question; second, that the appellant broke the glass, and third, that, having broken the glass, he thereafter entered the premises.

■ The circumstantial evidence upon which a verdict of guilty may be based must be consistent with the hypothesis that the accused is guilty and inconsistent with any hypothesis or theory establishing, or tending to establish, innocence. *State v. Long,* 44 Wn. (2d) 255, 259, 266 P. (2d) 797 (1954), and case cited; *State v. Taylor,* 47 Wn. (2d) 213, 216, 287 P. (2d) 298 (1955).

The circumstances proved by the state in this case were not inconsistent with a hypothesis or theory establishing, or tending to establish, the appellant's innocence. The state having failed to prove an essential element of the

crime charged, the motion in arrest of judgment should have been granted.

We find no merit in appellant's remaining assignment of error.

The judgment and sentence appealed from is reversed.

DONWORTH, C. J., SCHWELLENBACH, FINLEY, and ROSELLINI, JJ., concur.