[Crim. No. 10924.   Second Dist., Div. Four.   May 29, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. THOMAS
JOSEPH BRIGHT, Defendant and Appellant.

Irving S. Feffer, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Thomas Kerrigan, Deputy Attorney General, for Plaintiff and Respondent.

FILES, P. J.—A jury convicted defendant of a charge of burglary in the second degree (a violation of Pen. Code, § 459) in that he did on October 14, 1963, enter a building occupied by Robert J. Lee with intent to commit theft. Defendant is appealing from the judgment.

The prosecution's evidence includes the following: On the morning of October 14 Robert J. Lee arrived at his office and observed that during the night the window had been opened and the locked drawer of his desk had been forced open. A bank deposit book, gasoline credit card and a number of blank checks were missing. The door which connected Lee's office with the adjacent office of the Ramco company had also been forced open.

A number of blank checks were also missing from the Ramco office.

On a piece of paper on the top of Lee's desk was a palm print, which was shown by expert testimony to have been made by defendant's hand. Lee had never had any dealings with defendant and had never given him permission to enter the office.

This evidence is sufficient to support the finding of the jury. There is no basis for any contention that any of the prosecution's evidence was illegally obtained or that it was the product or "fruit" of any illegal police procedure.

Defendant did not offer any evidence upon the issue of his guilt or innocence. Defendant did testify, and did offer other evidence, for the purpose of showing that he had given the police a handwriting exemplar only after he had learned that the police had arrested his sister and his cousin on a charge of forgery. The handwriting exemplar was used at the trial in an

attempt to connect defendant with another check burglary which was the subject of a separate count of the information, upon which defendant was acquitted.

The case was tried prior to the decision of the Supreme Court in *People* v. *Graves* (1966) 64 Cal.2d 208 [49 Cal.Rptr. 386, 411 P.2d 114]. Much of the record is made up of testimony taken outside the presence of the jury concerning the circumstances surrounding the obtaining of defendant's handwriting exemplar and his palm print after his arrest.

In the light of the decision in *Graves,* there is no merit in defendant's contention that his constitutional rights were violated by the failure of the police to advise defendant of his constitutional rights before taking his palm print.

Equally without merit is defendant's contention that the trial court should have submitted to the jury the question of the admissibility of the palm prints. (*People* v. *Gorg,* 45 Cal.2d 776, 780 [291 P.2d 469].)

Defendant's brief on appeal asserts:

"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN ALLOWING INTO EVIDENCE STATEMENTS MADE BY THE DEFENDANT WHICH WERE IN VIOLATION OF THE DEFENDANT'S CONSTITUTIONAL RIGHTS."

The brief does not give any citation to the record in support of that statement.

The only extrajudicial statements of defendant which are in the record at all were introduced outside the presence of the jury and never made known to the jury. All of the extrajudicial statements of defendant offered by the People were statements made prior to arrest. The only post-arrest statements were elicited as a part of the defense, but they were not made known to the jury. There is no basis here for claiming error in the admission of evidence. All of this was heard by the court, in connection with defendant's futile attempt to show that his handwriting and palm print should not have been received in evidence.

Defendant's other contention is that there was an unlawful search which produced evidence against him. The record does not show that any evidence obtained by any search was a part of the evidence which was submitted or made known to the jury. The forged checks, which the prosecution introduced in an effort to connect defendant with the burglary of which he was acquitted, were turned over to the police by the drawee bank.

What defendant has reference to is some testimony taken outside the presence of the jury concerning defendant's arrest. It appears that at about 2:45 a.m. on December 12, 1963, defendant was seated in an automobile in Hollywood when he made a lewd proposal to a plainclothes vice officer. The officer arrested defendant for violation of Penal Code section 647a. The officer looked under the seat of the car for weapons and attempted to open the glove compartment, but found it locked. Defendant became loud and abusive at this point, so the officer handcuffed his prisoner and took him immediately to the police station without making any further search of the car. At the time of booking, defendant's finger-prints and palm prints were taken. The officers then took defendant's car keys and returned immediately to the car and searched it. Then they returned to the police station and at about 5 a.m. changed the booking record to show that defendant was being held for burglary. The foregoing testimony was elicited by the prosecution outside the presence of the jury.

The defense produced evidence, also outside the presence of the jury, that when the officers searched the glove compartment they found three wallets, a screwdriver and two signed checks. One of the wallets contained identification cards of Robert J. Lee. The investigating officers checked their records and noted that Robert J. Lee had been the victim of a recent burglary. The purpose of searching the glove compartment, according to the officer, was to make an inventory of its contents preparatory to impounding the vehicle under Vehicle Code sections 22651 and 22850. None of the articles taken from the automobile were offered in evidence. The jury was never told that any such search had been made.

It is unnecessary to decide now whether the search of the automobile was illegal under the reasoning of *Preston* v. *United States*, 376 U.S. 364 [11 L.Ed.2d 777, 84 S.Ct. 881], and *People* v. *Burke*, 61 Cal.2d 575 [39 Cal.Rptr. 531, 394 P.2d 67], or whether it was a proper search under the reasoning of *Cooper* v. *California*, 386 U.S. 58 [17 L.Ed.2d 730, 87 S.Ct. 788], and *People* v. *Webb*, 66 Cal.2d 107 [56 Cal.Rptr. 902, 424 P.2d 342]. Assuming the illegality of the search, it did not produce any evidence which was used to convict defendant, nor did it lead to the production of any such evidence.

Undoubtedly the discovery of identification cards of Robert J. Lee in defendant's automobile suggested to the police that they ought to make a comparison of the palm print of defend-

ant, which they already had, with the palm print taken from Lee's desk the morning after the burglary. Whether the police would have made that comparison anyway, or whether they would have suspected defendant of the Lee burglary through some other lead, are matters upon which we are unable to speculate. Furthermore, if we were to reverse the judgment because of the possible assistance which the police derived from the search of the car, we would be, in effect, granting amnesty to a defendant whose guilt was fully proved solely by evidence legally obtained before the illegal search occurred. The authorities do not require this result. (See *People* v. *Stoner*, 65 Cal.2d 595, 601 [55 Cal.Rptr. 897, 422 P.2d 585].)

In *Wong Sun* v. *United States*, 371 U.S. 471, 487-488 [9 L.Ed.2d 441, 455, 83 S.Ct. 407], the court said:

"We need not hold that all evidence is 'fruit of the poisonous tree' simply because it would not have come to light but for the illegal actions of the police. Rather, the more apt question in such a case is 'whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.' "

By this test defendant is not entitled either to amnesty or the exclusion of evidence, for no evidence was obtained by the exploitation of any illegality.

The judgment is affirmed. The order denying defendant's motion for a new trial not being appealable, the attempted appeal therefrom is dismissed.

Jefferson, J., and Kingsley, J., concurred.

A petition for a rehearing was denied June 6, 1967.