578 P.2d 991

**STATE of Arizona, Appellee,**

v.

**Stewart Otis CARTER, Appellant.**

**No. 4158.**

Supreme Court of Arizona,
In Banc.

May 1, 1978.

John A. LaSota, Jr., Atty. Gen., Bruce E. Babbitt, Former Atty. Gen., William J. Schafer, III, Chief Counsel, Crim. Div.,

Gregory A. McCarthy, Asst. Atty. Gen., Phoenix, for appellee.

William H. Feldhacker, Phoenix, for appellant.

GORDON, Justice:

Following a trial, a jury convicted Stewart Otis Carter of second degree burglary, a violation of A.R.S. § 13–302. Carter filed a notice of appeal, and we have taken jurisdiction pursuant to 17A A.R.S., Rules of the Supreme Court, Rule 47(e).

On October 13, 1976, a home was broken into through its kitchen window, while the owners were away. Evidently someone broke a window pane, reached in, opened the window, and then entered the house through the window. When the owners returned, they found the house had been ransacked, and some food taken from the refrigerator. The missing items included, *inter alia,* three pounds of ground beef, two chickens, two round steaks, and six pork chops. The owners summoned the police, whose investigation revealed a fingerprint on the broken window.

At the trial, a police department identification technician testified that the print found at the house matched appellant's left middle finger. This evidence, plus the investigating officer's testimony concerning where he found the fingerprint was the only evidence linking appellant to the scene of the crime.

Carter's defense at the trial consisted solely of his own testimony. He stated he had never been in the house, but he could not recall where he had been or what he had done on the day in question.

Two questions have been presented for review:

(1) Whether the evidence is sufficient to sustain appellant's conviction?

(2) Whether the trial court's rejection of appellant's proposed instruction constitutes error?

### Sufficiency of the Evidence

Appellant claims the fingerprint evidence to be insufficient to sustain his conviction, because the state presented no evidence to show the length of time which the print had been on the window. Also a slight conflict existed in the testimony as to where the fingerprint was found.

■ In reviewing this matter, we consider the evidence in the light most favorable to the appellee and resolve all reasonable inferences against the appellant. Only if there is a complete lack of probative facts to support the verdict, will we reverse. *State v. Childs,* 113 Ariz. 318, 553 P.2d 1192 (1976).

Officer Robertson, the investigating officer, described the window on which he found the print as being of the "crank type" which opened out and away from the house. At the time he lifted the fingerprint, he stood outside the house, in between the window and its opening. Thus, he found the print on the inside of the window while standing outside the house.

Detective Brown, on the other hand, testified that Officer Robertson had told him the fingerprint came from the outside of the window. Brown received this information during a phone call with Robertson preceding the preliminary hearing. Brown, rather than Robertson appeared at the preliminary hearing, and had called Robertson, on the morning of the hearing, for information regarding the crime. The call woke Robertson, and the two only spoke briefly regarding the crime.

■ The foregoing evidence entitled the jury to conclude that Robertson had found appellant's fingerprint on the inside of the window which was used to gain entrance.

"In the instant case the evidence showed that the fingerprints of defendant were not found in a place and under circumstances where they could have been reasonably made at a time other than the time of the commission of the offense. It is well established in our State that a crime may be proven by circumstantial evidence alone, and that fingerprints are a means of positive identification by which a defendant may be linked with the commission of the of-

fense". *State v. Brady,* 2 Ariz.App. 210, 213, 407 P.2d 399, 402 (1965).

Here, as in *Brady,* the evidence is sufficient to support the verdict.

### Jury Instructions

■ Appellant requested the following instruction and now claims that its rejection constituted reversible error.

"Where the State's case against the defendant consists solely of fingerprint evidence to connect the defendant with the commission of the crime, the fingerprint evidence must meet the requirement that the circumstances must be such that the print could have been made only at the time the crime was committed".

Appellant based his request on two Florida cases: *Wilkerson v. State,* 232 So.2d 217 (Fla.App.1970); and *Ivey v. State,* 176 So.2d 611 (Fla.App.1965). Not only are the Florida cases distinguishable on their facts, but Arizona has rejected the necessity of a circumstantial evidence instruction, so long as the trial court instructs on the standard of reasonable doubt. Here the court properly instructed the jury on the State's burden of proving guilt beyond a reasonable doubt. Thus, appellant's second issue is without merit. *See State v. Seelen,* 107 Ariz. 256, 485 P.2d 826 (1971); *State v. Harvill,* 106 Ariz. 386, 476 P.2d 841 (1970).

We have affirmed appellant's conviction, because sufficient evidence existed to support the verdict. Also, the trial court did not err in rejecting the proposed "circumstantial evidence" instruction.

Judgment of the superior court affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.