[No. 23140-5-I.   Division One.   January 16, 1990.]

THE STATE OF WASHINGTON, *Respondent*, v. DONOVAN LUCCA, *Appellant*.

*Theresa B. Doyle,* for appellant.

*Craig Peterson,* for respondent.

SCHOLFIELD, J.—Donovan Lucca appeals his conviction for second degree burglary. We affirm.

## FACTS

Lucca was charged by information filed July 6, 1988, with second degree burglary.

On February 10, 1987, between 6 p.m. and 8:30 p.m., Michael Guldemann's home was burglarized. Entry was made through a garage window which was broken out. Items taken included a videocassette recorder, two watches, a cowboy hat, and some bottles of beer. No one had permission to enter the residence while Guldemann was away.

The broken–out garage window is in an area enclosed on three sides. A 5–strand barbed wire fence runs parallel to the window in a north–south line, and a wooden fence runs east–west between the barbed wire fence and the house. Guldemann's home is at the end of a cul–de–sac behind two other homes.

King County Police Officer Potteiger responded to the burglary and confirmed that the broken–out garage window was the point of entry for the burglar. Officer Potteiger lifted latent fingerprints from the broken glass outside the window. He could not determine whether the prints were from inside or outside the window. Linda Grass, latent print examiner for the King County Police, compared Lucca's prints to those lifted by Officer Potteiger. One of the prints lifted was Lucca's. Guldemann does not know Lucca.

At the close of the State's case, Lucca moved to dismiss for insufficient evidence. This motion was denied. Lucca

was found guilty as charged. Judgment and sentence were entered on October 18, 1988. This appeal timely followed.

## Sufficiency of the Evidence

Lucca argues that the evidence of his fingerprint on a broken piece of window at the presumed place of entry was not sufficient for a reasonable jury to find him guilty where it could not be determined whether the fingerprint was on the inside or outside of the window, where no evidence was presented as to the age of the fingerprint, and where Lucca was not placed at or near the residence at the time of the burglary.

■ A challenge to the sufficiency of the evidence to convict cannot be sustained if, considering the evidence in the light most favorable to the State, a rational trier of fact could have found all of the elements of the crime charged beyond a reasonable doubt. *State v. Baeza*, 100 Wn.2d 487, 670 P.2d 646 (1983); *see also Jackson v. Virginia*, 443 U.S. 307, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979). In *State v. Theroff*, 25 Wn. App. 590, 608 P.2d 1254, *aff'd*, 95 Wn.2d 385, 622 P.2d 1240 (1980), the Washington State Court of Appeals also noted:

> A challenge to the sufficiency of the evidence admits the truth of the State's evidence and all inferences that can reasonably be drawn therefrom. The evidence is interpreted most strongly against the defendant and in a light most favorable to the State.

*Theroff*, at 593.

■ Fingerprint evidence alone is sufficient to support a conviction where the trier of fact could reasonably infer from the circumstances that it could only have been impressed at the time the crime was committed. *United States v. Van Fossen*, 460 F.2d 38, 41 (4th Cir. 1972); Annot., 28 A.L.R.2d 1115, 1122, 1150 (1953); 30 Am. Jur. 2d *Evidence* § 1144 (1967).

In *People v. Bright*, 251 Cal. App. 2d 395, 59 Cal. Rptr. 372 (1967), Lee's office was broken into and a number of items were missing. On a piece of paper on top of Lee's

desk was a palm print, which was shown by expert testimony to have been made by defendant's hand. Lee had never had any dealings with defendant and had never given him permission to enter the office. This evidence was found sufficient to support the jury's finding that defendant was guilty of second degree burglary. *People v. Bright,* 59 Cal. Rptr. at 373.

In *State v. Carter,* 118 Ariz. 562, 578 P.2d 991 (1978), a home was broken into through its kitchen window and some items taken. A fingerprint matching defendant's was found on the broken window. This evidence was found sufficient to sustain defendant's conviction for second degree burglary. There was conflicting evidence as to whether the fingerprint was found on the inside or outside of the window. The court held that the jury was entitled to conclude that the print was found on the inside of the window and thus it was "not found in a place and under circumstances where [it] could have been reasonably made at a time other than the time of the commission of the offense." *State v. Carter, supra* at 563 (quoting *State v. Brady,* 2 Ariz. App. 210, 213, 407 P.2d 399 (1965)).

Similarly, in *Jones v. State,* 156 Ga. App. 823, 275 S.E.2d 712 (1980), a burglary occurred at a warehouse. Four fingerprints corresponding to those of defendant were found on the inside of windows through which entry and exit of the warehouse were effectuated. The court found that because the defendant's fingerprints were found on the inside of the window through which entry and exit to the warehouse were effectuated, and because this window faced a narrow alley which was not ordinarily traversed by the public and the interior of the window where the prints were found was not accessible to the general public, the evidence was sufficient as a matter of law. There was no evidence presenting any other reasonable explanation as to how appellant's fingerprints came to be on the window. *Jones v. State,* 275 S.E.2d at 713.

It is not known whether the print in the present case was made on the inside or the outside of the window. Nor was

there any direct evidence to show that Lucca's fingerprint was impressed on the window at the time of the burglary. However, the location of the window is such that it is not accessible to the general public. It is at the end of a cul–de–sac behind two houses and is enclosed on three sides by fences. Guldemann did not know Lucca and never gave him permission to enter his home. Lucca offers no evidence presenting any other reasonable explanation as to how his fingerprint came to be on the window. Thus, the jury was entitled to conclude that it is not reasonable that Lucca would have made the fingerprint other than at the time of the burglary.

Lucca cites *State v. Sewell,* 49 Wn.2d 244, 299 P.2d 570 (1956) in support of his argument that the fingerprint alone is not sufficient for conviction because there was no evidence that his fingerprint was likely placed on the glass during the commission of the crime.

In *Sewell,* the defendant was convicted of second degree burglary. The American Legion Club had been entered through a window and two windowpanes in the basement door had been broken. The burglar had attempted to open a cigarette machine, safe and liquor cabinet. A fingerprint found on a broken piece of glass from the basement door was determined to be Sewell's. Sewell was a member of the Legion Club and was there almost every Friday night. He testified to an alibi which was corroborated by other witnesses.

The court held that the fact of entry by Sewell was not proved by direct evidence, nor was it established by circumstantial evidence because there was no circumstance from which the jury could determine that Sewell entered the premises. *State v. Sewell, supra* at 246.

The court stated that in order for the jury to have concluded from such evidence that Sewell was guilty, it would have had to speculate and thereby place inference upon inference: first, that the fingerprint was placed on the glass during the evening in question; second, that the appellant broke the glass; and third, that, having broken the glass, he

thereafter entered the premises. *State v. Sewell, supra* at 246.

The present case may be distinguished from *Sewell* on the grounds that unlike Sewell, Lucca did not have permission to enter Guldemann's home nor was he there almost every Friday night. In fact, there is no evidence that Lucca had ever been to Guldemann's home prior to the burglary. Furthermore, unlike in *Sewell,* no alibi or other defense was presented.

Lucca also cites a number of federal cases as support for the reasoning in *Sewell. United States v. Lonsdale,* 577 F.2d 923, 926 (5th Cir. 1978) (defendant's thumbprint on a check which had been falsely uttered was insufficient evidence because no evidence was introduced to show that the thumbprint was left on the check during the course of uttering it); *United States v. Eddy,* 597 F.2d 430, 435 (5th Cir. 1979) (defendant's fingerprints on falsely uttered checks were insufficient evidence to support a conviction absent evidence to show the fingerprints were placed there during commission of the crime); *United States v. Van Fossen,* 460 F.2d 38 (4th Cir. 1972) (defendant's fingerprints found on counterfeiting materials held insufficient to convict because no evidence suggests that the prints were impressed when the crime was committed); *United States v. Corso,* 439 F.2d 956 (4th Cir. 1971) (fingerprints on a matchbook used to jam lock on a door leading to the burglarized building held insufficient because the prints could have been placed there months before the burglary); *United States v. Stephenson,* 474 F.2d 1353, 1354 (5th Cir. 1973) (evidence of defendant's fingerprints on the seized heroin envelopes was insufficient to convict because the prosecution introduced no evidence that his fingerprints were placed on the envelopes when they contained heroin); *Borum v. United States,* 380 F.2d 595 (D.C. Cir. 1967) (defendant's fingerprints on jars inside a house that had been broken into and defendant's location within a mile and a half from the scene at the time the crime was committed were insufficient in absence of evidence which could

support an inference that the fingerprints were placed on the jars during the commission of the crime).

The above cases can be distinguished from the present case as they deal with fingerprints on objects that are mobile and, thus, the fingerprints could have been more easily placed on the object at some time other than when the crime was committed. They also deal with objects, such as a check or matchbook, which defendant had access to and could have left fingerprints on prior to the crime.

On the other hand, in the present case, the window is not mobile, nor was it accessible to Lucca, as it was behind two houses at the end of a cul-de-sac and enclosed on three sides. Furthermore, Lucca did not know Guldemann. The fact that the window was not accessible to Lucca supports an inference that the print was placed on the window during commission of the crime.

Accordingly, we find sufficient evidence exists to support Lucca's conviction.

Judgment affirmed.

SWANSON and PEKELIS, JJ., concur.