955 P.2d 418 (1998)
STATE of Washington, Respondent,
v.
Andrew Genius BRIDGE, Appellant.
No. 16440-3-III.
Court of Appeals of Washington, Division 3, Panel Three.
May 7, 1998.
As Amended on Grant of Reconsideration July 30, 1998.
David N. Gasch, Spokane, for Appellant.
Francis J. Christoff Jr., Spokane County Prosecuting Office, Spokane, for Respondent.
Melanie Smith, Spokane, pro se.
SWEENEY, Judge.
This is an appeal from a second degree burglary conviction. The only evidence linking the defendant, Andrew Genius Bridge, to the burglary was a latent fingerprint found on a tag on a magnetic tool that had been purchased within a month or two before the burglary. The question here is whether the latent fingerprint on this movable object was sufficient to support the burglary conviction. We conclude that it was not and reverse.

FACTS
Between the morning of October 13 and the morning of October 14, 1996, someone broke into Lee Verment's barn. The burglar entered by destroying the barn door. Miscellaneous *419 hardware items were moved. A new 18-inch magnetic tool with the store tag still attached was moved from its usual resting place and dropped at the point of entry.
A police expert identified a latent thumbprint on the tag as Andrew Bridge's. She did not find Mr. Verment's prints on the tool. Mr. Verment did not know Mr. Bridge and had never invited him onto his property. Mr. Bridge was charged with second degree burglary.
The State's fingerprint expert testified that no conclusive determination can be made as to how long a fingerprint would last, but that "a print is very fragile .... [s]o it doesn't last very long[ ] [e]specially on the tag." She also testified that there are a number of reasons why a person could touch an item and not leave a latent fingerprint.
The trial court found Mr. Bridge guilty. He appeals.

DISCUSSION
Mr. Bridge challenges the sufficiency of the evidence and assigns error to the court's oral finding that Mr. Verment's fingerprints should have been on the tag attached to the magnet. He also assigns error to the court's finding that fingerprints do not last very long and someone who touches the object should leave a fingerprint.
Standard of Review. Our standard of review for the sufficiency of evidence to support a criminal conviction is well settled. We review the evidence in a light most favorable to the State and then determine whether "` any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" State v. Randhawa, 133 Wash.2d 67, 73, 941 P.2d 661 (1997) (quoting State v. Green, 94 Wash.2d 216, 221, 616 P.2d 628 (1980)).
Sufficiency of the Evidence. Fingerprint evidence is sufficient to support a conviction if the trier of fact (here the judge) could infer from the circumstances that the fingerprint could only have been impressed at the time of the crime. State v. Lucca, 56 Wash.App. 597, 599, 784 P.2d 572 (1990). Circumstantial evidence is as probative and reliable as direct evidence. State v. Kroll, 87 Wash.2d 829, 842, 558 P.2d 173 (1976); State v. Zamora, 63 Wash.App. 220, 223, 817 P.2d 880 (1991).
In order to support a finding of guilt beyond a reasonable doubt in a "fingerprint only" case, the State must make a showing, reflected in the record, that the object upon which the fingerprint was found was generally inaccessible to the defendant at a previous time. Mikes v. Borg, 947 F.2d 353, 357 n. 6 (9th Cir.1990) (citing Borum v. United States, 380 F.2d 595 (D.C.Cir.1967)), cert. denied, 505 U.S. 1229, 112 S.Ct. 3055, 120 L.Ed.2d 921 (1992). This showing by the State is essential. Id. at 356-57.
"While the government need not exclude all inferences or reasonable hypotheses consistent with innocence, ... the record must contain sufficient probative facts from which a factfinder could reasonably infer a defendant's guilt under the beyond a reasonable doubt standard." Id. at 357 (citing United States v. Miller, 688 F.2d 652, 663 (9th Cir. 1982); Borum, 380 F.2d at 597). "[T]here must, at the very least, be sufficient evidence in the record to permit the factfinder to determine when the fingerprints were impressed; otherwise, any conviction would be based on pure speculation." Id. Accordingly, we have to examine the record. Id.
When fingerprint evidence is the only evidence linking a defendant to a crime and the fingerprint is found on a moveable object, the State must show that the fingerprint could only have been impressed during the commission of the crime, and not earlier. Mikes, 947 F.2d 353, 356-57; Lucca, 56 Wash.App. at 599-600, 784 P.2d 572. We distinguish between moveable objects generally accessible to the public and fixed objects generally inaccessible to the public. Mikes, 947 F.2d at 357; Lucca, 56 Wash.App. at 602-03, 784 P.2d 572.
In Mikes, the Ninth Circuit held that if fingerprint evidence is the only evidence linking a defendant with a crime, the government "must present evidence sufficient to permit the jury to conclude that the objects on which the fingerprints appear were inaccessible to the defendant prior to the time of the commission of the crime." Mikes, 947 *420 F.2d at 357 (emphasis added) (citing United States v. Talbert, 710 F.2d 528, 530-31 (9th Cir.1983), cert. denied, 464 U.S. 1052, 104 S.Ct. 733, 79 L.Ed.2d 192 (1984)).
Here, the tag on which Mr. Bridge's fingerprint was found was affixed to a tool that had been recently purchased. And although the State presented evidence that fingerprints are fragile, and therefore do not last very long, it did not show how long fingerprints can last. Nor did the State rule out the possibility that Mr. Bridge's fingerprint might have been impressed while the tool was recently in the stream of commerce. The tool had been purchased in an area open to the public. The tool was accessible to Mr. Bridge before being moved by the victim to his barn.
We agree with the court in Mikes that "`to allow this conviction to stand would be to hold that anyone who touches anything which is found later at the scene of a crime may be convicted'" of burglary. Mikes, 947 F.2d at 361(quoting Borum, 380 F.2d at 597). We conclude that the evidence of a latent fingerprint absent proof by the State that the print could "only have been impressed at the time the crime was committed" is insufficient to support a conviction for burglary. Lucca, 56 Wash.App. at 599, 784 P.2d 572.
The case is reversed and dismissed.
SCHULTHEIS, C.J., and BROWN, J., concur.