IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30338-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JUAN ANGEL DIAZ, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

BROWN, J. — Juan Angel Diaz appeals his stolen motor vehicle possession conviction. He first contends the fingerprint evidence is insufficient evidence to support the jury's guilty finding. Secondly, he contends the trial court erred in not first determining if he has the current or future ability to pay his legal financial obligations (LFOs). In his pro se statement of additional grounds for review (SAG), Mr. Diaz adds the court miscalculated his offender score. We affirm.

FACTS

One morning in August 2010, someone took Kory Welsch's Honda Civic from his driveway. Mr. Welsch last saw his car in his driveway around 12:30 a.m. Mr. Welsch spotted the vehicle three houses down where it had apparently been pushed. Car parts were missing. The driver's side window was off track and looked like it had been flopped outwards, indicating a possible point of entry. The window had not been in that

condition previously. Officers found a fingerprint on the driver's side window. The State's fingerprint expert identified the fingerprint as belonging to Mr. Diaz. Mr. Welsch did not know Mr. Diaz.

The State charged Mr. Diaz with possession of a stolen motor vehicle and first degree trafficking in stolen property. The jury found Mr. Diaz guilty of the possession charge, but not guilty of the trafficking charge.

At sentencing, the court imposed a standard range sentence of 27 months based on an offender score of seven. The court imposed costs, totaling $2,887.65. The court also ordered, "The defendant shall pay up to $50.00 per month to be taken from any income the defendant earns while in the custody of the Department of Corrections. This money is to be applied towards legal financial obligations." Clerk's Papers at 39. Without objection, there was no finding regarding Mr. Diaz's ability to pay. This appeal followed.

## ANALYSIS

### A. Evidence Sufficiency

The issue is whether, considering the fingerprint evidence, sufficient evidence supports Mr. Diaz's conviction for possession of a stolen motor vehicle.

In determining the sufficiency of the evidence, our standard of review is "whether, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the charged crime beyond a reasonable doubt." *State v. Rempel*, 114 Wn.2d 77, 82, 785 P.2d 1134 (1990). "A claim of

2

insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). Circumstantial evidence is considered to be as reliable as direct evidence. *State v. Myers*, 133 Wn.2d 26, 38, 941 P.2d 1102 (1997).

RCW 9A.56.068 provides: "(1) A person is guilty of possession of a stolen vehicle if he or she possess[es] a stolen motor vehicle." "Possession may be actual or constructive, and constructive possession can be established by showing the defendant had dominion and control over the [property]." *State v. Echeverria*, 85 Wn. App. 777, 783, 934 P.2d 1214 (1997). "Actual possession means that the goods are in the personal custody of the person charged with possession." *State v. Callahan*, 77 Wn.2d 27, 29, 459 P.2d 400 (1969).

When fingerprint evidence is the sole evidence linking the defendant to the crime, the State must show the object upon which the fingerprint was found was generally inaccessible to the defendant at an earlier time. *State v. Bridge*, 91 Wn. App. 98, 100-01, 955 P.2d 418 (1998) (citing *Mikes v. Borg*, 947 F.2d 353, 357 n.6 (9th Cir.1991)). In a "fingerprint-only" case where the fingerprint is found on a moveable object, the State must also show the fingerprint could have been impressed only during the commission of the crime, not earlier. *Bridge*, 91 Wn. App. at 101 (citing *Mikes*, 947 F.2d at 356-57; *State v. Lucca*, 56 Wn. App. 597, 599-600, 784 P.2d 572 (1990)). Courts distinguish between moveable objects generally accessible to the public and fixed objects not

generally accessible to the public. *Bridge*, 91 Wn. App. at 101 (citing *Mikes*, 947 F.2d at 357; *Lucca*, 56 Wn. App. at 602-03)).

In *Bridge*, a burglar broke into the victim's barn and a tool was found at the point of entry. A tag bearing the defendant's fingerprint was affixed to that recently purchased tool. The State did not rule out the possibility that the defendant's fingerprint might have been impressed while it was recently in the stream of commerce. The tool had been purchased in an area open to the public and was accessible to the defendant before being moved by the victim to his barn. This court held, "[E]vidence of a latent fingerprint absent proof by the State that the print could 'only have been impressed at the time the crime was committed' is insufficient to support a conviction for burglary." *Bridge*, 91 Wn. App. at 101 (quoting *Lucca*, 56 Wn. App. at 599).

But here, the State offered evidence showing Mr. Welsch did not know Mr. Diaz and had never seen him before. Additionally, Mr. Welsch testified his vehicle was in his driveway, not a public place, when he went to bed at approximately 12:30 a.m. The window was not pulled back at that time. Nothing here shows Mr. Diaz could have encountered the vehicle in the public stream of commerce. The State "'need not exclude all inferences or reasonable hypotheses consistent with innocence.'" *Bridge*, 91 Wn. App. at 100 (quoting *Mikes*, 947 F.2d at 357). It is the role of the fact finder to determine the weight, credibility, and persuasiveness of the evidence. *State v. Walton*, 64 Wn. App. 410, 415-16, 824 P.2d 533 (1992).

4

Viewing the evidence in the State's favor, sufficient evidence was admitted from which a rational jury could find beyond a reasonable doubt that Mr. Diaz had possessed a stolen vehicle. Therefore, his evidence sufficiency challenge fails.

## B. LFO Order

The next issue is whether the court's order requiring Mr. Diaz to pay LFOs must be reversed. Mr. Diaz contends the court cannot order LFOs without finding he has the ability to pay.

The State argues this issue is improperly raised for the first time on appeal. But, this issue turns on ripeness. In *State v. Baldwin*, 63 Wn. App. 303, 310, 818 P.2d 1116 (1991), the court held, "[T]he meaningful time to examine the defendant's ability to pay is *when the government seeks to collect the obligation.*" *See State v. Curry*, 62 Wn. App. 676, 680, 814 P.2d 1252 (1991) (emphasis added). The *Baldwin* court further noted, "The defendant may petition the court at any time for remission or modification of the payments on [the basis of manifest hardship]. Through this procedure the defendant is entitled to *judicial scrutiny* of his obligation and *his present ability to pay at the relevant time.*" *Baldwin*, 63 Wn. App. at 310-11 (emphasis added). Thus, because Mr. Diaz can apply for remission or modification of his LFOs when the State initiates collections, we do not further address his LFO challenge.

## C. SAG

Pro se, Mr. Diaz challenges the sufficiency of the evidence and argues the sentencing court miscalculated his offender score. We do not address his evidence

5

sufficiency concerns because they were addressed by his appellate counsel and fully analyzed above. *See* RAP 10.10(a) (providing the purpose of a SAG is to "identify and discuss those matters which the defendant/appellant believes have not been adequately addressed by the brief filed by the defendant/appellant's counsel").

Regarding Mr. Diaz's offender score of seven, he did not object at sentencing. But, legal error may be challenged for the first time on appeal. *State v. Wilson*, 170 Wn.2d 682, 689, 244 P.3d 950 (2010). Mr. Diaz has three prior felonies (second degree theft (vehicle); second degree theft; and theft of a motor vehicle). Under RCW 9.94A.525(20), each prior felony conviction for theft of a motor vehicle counts as three points in the offender score. Likewise, second degree theft is counted as one point. RCW 9.94A.525(7). Three plus three plus one equals seven; the court properly calculated Mr. Diaz's offender score.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Brown, J.

WE CONCUR:

Korsmo, C.J.

Siddoway, J.

6