**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

STATE OF WASHINGTON,       )
                           )    No. 68566-0-I
            Respondent,    )
                           )    DIVISION ONE
      v.                   )
                           )    UNPUBLISHED OPINION
C.O.,                      )
                           )
            Appellant.     )    FILED: April 29, 2013
                           )
_____ )

APPELWICK, J. — C.O. argues that there is insufficient evidence to sustain his conviction for residential burglary. We affirm.

## FACTS

On January 27, 2011, while John and Barbara Duncan were away at work, someone broke into their home. Barbara returned home at 6:30 p.m. to discover that the living room television was missing. She called 911.

Officer Eddie Ochart responded. He observed muddy tire tracks in the front yard and the gate to the backyard was unlatched. At the rear of the house, muddy footprints led to the back porch and across the porch to the living room window. The living room window was unlocked, a muddy footprint was found on the window sill, and muddy footprints were found inside the home. None of the muddy footprints matched anyone living in the house. Officer Ochart noticed fingerprints on the exterior of the living room window. The fingerprints were consistent with someone placing their hands on the lower window pane and pressing the glass inward to disengage the lock and slide the window open. He concluded that the window was the burglar's point of entry and requested a fingerprint examiner.

Latent print examiner Cynthia Zeller recovered five fingerprints from the living room window. Zeller compared the fingerprints to the Automated Fingerprint Identification System database and matched four of them to C.O. The fifth print was not a conclusive match, but it was too similar to C.O.'s prints to exclude as a possible match. The State charged C.O. with one count of residential burglary.

C.O. was not a stranger to the Duncan family. John and Barbara's grandson, N.D., who periodically lived with them in the home, was friends with C.O. when they were in elementary school. Approximately four to six years before the date of the break-in, John Duncan told C.O. he was no longer welcome in the house. At trial, Barbara Duncan testified that, since then, she had not seen C.O. at the house.

Zeller testified that although it cannot be conclusively determined how long fingerprints last outdoors, they can be degraded by weather. She also testified that fingerprints on nonporous surfaces, such as glass, are "pretty fragile."

John Duncan also testified that, until shortly before the break-in, an air conditioning unit was installed in the living room window.[1] The air conditioner required the lower windowpane to be open. When open, the lower windowpane was on the inside of the house, leaving it unexposed to the outdoors. He also stated that the yard was fenced.

C.O. testified at trial that he touched the window in October 2010 in order to help N.D. get into the house, but the trial court rejected this testimony as not credible. The trial court found C.O. guilty. He appeals.

---

[1] Barbara Duncan testified that they removed the air conditioning unit in September 2010.

DISCUSSION

C.O. contends that there is insufficient evidence to support his conviction for residential burglary.[2] He argues that the State failed to establish that his fingerprints were impressed at the time of the crime.

When reviewing a challenge to the sufficiency of the evidence, we consider the evidence in the light most favorable to the State and determine whether any rational trier of fact could have found the crime's essential elements beyond a reasonable doubt. State v. Williams, 137 Wn. App. 736, 743, 154 P.3d 322 (2007). We consider both circumstantial and direct evidence as equally reliable and defer to the trier of fact on issues of conflicting testimony, witness credibility, and the persuasiveness of the evidence. State v. Thomas, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004), aff'd, 166 Wn.2d 380, 208 P.3d 1107 (2009).

Fingerprint evidence alone is sufficient to support a conviction if the trier of fact could reasonably infer that the fingerprints were impressed at the time of the crime. State v. Lucca, 56 Wn. App. 597, 599, 784 P.2d 572 (1990). In Lucca, the defendant's fingerprint was found on a piece of broken glass originating from the point of entry, which was a window at the rear of a residence, enclosed by fences. Id. at 600-01. No direct evidence showed the print was made at the time of the burglary, and no evidence placed the defendant in the vicinity at the time of the burglary. Id. at 599. But, the resident did not know the defendant or extend permission to enter. Id. at 601. The defendant offered no alternate explanation for how his prints came to be on the glass.

---

[2] C.O. also disputes the validity of the science of fingerprint evidence, but that is not at issue here because C.O. does not contest that the fingerprints found on the glass belong to him.

Id. And, the window was in a location that was generally inaccessible to the public. Id. at 603. We concluded that the evidence was sufficient to support the defendant's conviction. Id.

C.O. attempts to distinguish Lucca by pointing out that, unlike the victim in Lucca, here the Duncans knew C.O., and unlike the defendant in Lucca, here C.O. proffered an alternate explanation as to how his fingerprints came to be on the glass. Those distinctions do not warrant a contrary result. Although the Duncans knew C.O., John Duncan told C.O. that he was no longer welcome at the house. And, the trial court found that C.O.'s alternative version of events was not credible.

Moreover, C.O.'s fingerprints were on the glass. A latent fingerprint expert testified that fingerprints on glass are fragile. Until shortly before the crime, the portion of the window where the fingerprints were found was in an upward position, where it could not be reached. The pattern of the fingerprints was consistent with a forceful motion intended to defeat the lock. John Duncan told the defendant four to six years prior to the break in that he was not welcome in his home, and Brenda Duncan testified that, since then, she hadn't seen C.O. at the house. The evidence was sufficient for a rational trier of fact to find that C.O. committed residential burglary.

We affirm.

WE CONCUR:

4