# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, ) | No. 68575-9-I |
| Respondent, ) | |
| ) | DIVISION ONE |
| v. ) | |
| ) | |
| T.H. (DOB 01/10/1996), ) | UNPUBLISHED OPINION |
| ) | |
| Appellant. ) | FILED: August 5, 2013 |

LEACH, C.J. — Fingerprint evidence is sufficient by itself to support a conviction if a rational trier of fact could reasonably infer that the prints could only have been impressed at the time of the offense. Because the evidence in this case meets this standard and because T.H.'s other arguments lack merit, we affirm his juvenile convictions for two counts of residential burglary.

## FACTS

In 2011, police investigating two residential burglaries in Bellevue found T.H.'s fingerprints on items inside the homes. In one home, T.H.'s prints were found on a shower curtain rod next to the window where the burglar entered. The homeowner had purchased the curtain rod within the last year at a Bellevue discount store. Prior to installation, the rod was encased in shrink-wrap that was "impossible to open."

In the other home, T.H.'s prints were found on a camcorder box that the burglar had taken out of a closet. The camcorder, which was missing from its

box, had been purchased on line within the last year and had arrived at the house in packaging. The fingerprints were the only evidence linking T.H. to the burglaries.

Police arrested T.H. and charged him with two counts of residential burglary. T.H. told police that he had never been in Bellevue.

Following separate bench trials, the juvenile court found T.H. guilty as charged. The court found there was no reasonable explanation for the fingerprints on the curtain rod and camcorder box other than that T.H. put them there during the burglaries. T.H. appeals.

## DECISION

The principal issue on appeal is whether T.H.'s convictions are supported by sufficient evidence. Evidence is sufficient if, when viewed in a light most favorable to the State, it permits any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt.[1] A challenge to the sufficiency of evidence admits the truth of the State's evidence and all reasonable inferences from that evidence.[2]

The only evidence linking T.H. to the burglaries were his fingerprints on the shower curtain rod and camcorder box. "Fingerprint evidence alone is sufficient to support a conviction where the trier of fact could reasonably infer

---

[1] State v. Green, 94 Wn.2d 216, 221, 616 P.2d 628 (1980) (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)).
[2] State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

from the circumstances that it could only have been impressed at the time the crime was committed."[3] T.H. contends the juvenile court could not draw such an inference in this case because the shower curtain rod "could have been an item that had been returned, repackaged and resold" and the camcorder box "was recently in the stream of commerce." But the State need not disprove all conceivable hypotheses consistent with innocence.[4] Rather, it need only provide evidence sufficient for the trier of fact to <u>reasonably</u> infer that the fingerprinted items were "generally inaccessible" to the defendant prior to the crimes and that the fingerprints were impressed only at the time of the crime.[5] The evidence in this case was sufficient to support such inferences in both burglaries.

As discussed above, the camcorder was purchased on line and sent to the victim's house in packaging. The shower curtain rod was purchased at a store in Bellevue a year before the burglary and was wrapped in plastic shrink-wrap when purchased. T.H. told police he had never been to Bellevue. Viewed in a light most favorable to the State, this evidence supports inferences that the fingerprinted items were "generally inaccessible" to T.H. prior to the burglaries and that T.H.'s fingerprints could only have been impressed during the burglaries. Those inferences in turn support the juvenile court's conclusion, beyond a reasonable doubt, that T.H. committed the burglaries.

---

[3] <u>State v. Lucca</u>, 56 Wn. App. 597, 599, 784 P.2d 572 (1990).
[4] <u>State v. Bridge</u>, 91 Wn. App. 98, 100, 955 P.2d 418 (1998).
[5] <u>Bridge</u>, 91 Wn. App. at 100.

3

T.H. contends State v. Bridge[6] requires a contrary conclusion. Bridge is distinguishable. Bridge's fingerprint was found on a price tag affixed to a tool that had recently been purchased "in an area open to the public." The tool was thus accessible to Bridge before the burglary, and the evidence was therefore insufficient to reasonably infer that his fingerprint could only have been impressed at the time of the crime.[7] The facts in this case, by contrast, supported reasonable inferences that the objects bearing T.H.'s fingerprints were not generally accessible prior to the burglaries and that his fingerprints could only have been impressed on the objects at the time of the crimes.

For the first time on appeal, T.H. contends the court erred when it took judicial notice, without notice and an opportunity to be heard, that "online purchases are not through publicly accessible retail outlets in the same way as presumably occurred in the Bridge case." Assuming, without deciding, that T.H. can raise this issue for the first time on appeal, we conclude there was no error. The juvenile court clarified that the fact it judicially noticed was really just a reasonable inference from the evidence. We agree. On the evidence presented, it was reasonable for the court to infer that the camcorder purchased on line was not publicly accessible "in the same way" as the tool in Bridge.

---

[6] 91 Wn. App. 98, 955 P.2d 418 (1998).
[7] Bridge, 91 Wn. App. at 101.

4

No. 68575-9-I / 5

T.H. also assigns error to various findings but does not support the assignments with argument. The findings are therefore verities on appeal.[8]

Affirmed.

Leach, C.J.

WE CONCUR:

Spearman, J.

Cox, J.

---

[8] State v. Moreno, 173 Wn. App. 479, 491, 294 P.3d 812 (2013), review denied, No. 88588-5 (Wash. July 10, 2013).