[No. 10968-2-III.    Division Three.    February 25, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. BOBBY GENE WALTON, *Appellant*.

*Thomas E. Cooney,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Kevin M. Korsmo, Deputy,* for respondent.

SWEENEY, J. — Bobby Gene Walton appeals his conviction of possession of a controlled substance. He contends the court erred in denying his motions (1) to suppress pre-

*Miranda* statements he made after his arrest to a booking officer and a pretrial investigator, (2) to hold an in-camera hearing on the issue of disclosure of the confidential informant, and (3) to dismiss for insufficiency of evidence. We find no error and affirm.

## FACTUAL BACKGROUND

On November 8, 1989, police executed a search warrant at West 2607 Mallon in Spokane. When Mr. Walton's son opened the door, the police announced they had a search warrant. Mr. Walton hurried toward the kitchen. Mrs. Walton and another woman, later identified as Debbie Karam, attempted to run from the kitchen. The officers observed what appeared to be black tar heroin on the kitchen table together with a shooting kit, including a spoon and a razor-type tool used for cutting purposes. A syringe and spoon were found on Ms. Karam. The officers arrested Mr. Walton, Mrs. Walton and Ms. Karam. Mr. Walton was transported to the Spokane County Jail. In response to questions by a booking officer, he said he lived at West 2607 Mallon. The next day Mr. Walton told a Department of Corrections pretrial investigator that he resided at the Mallon address.

During a later search, officers found syringes throughout the house, drug paraphernalia in a leather shaving kit in a bedroom, and a telephone bill and letters addressed to Mr. Walton at the Mallon address. Mr. Walton was charged with two counts of delivery and one count of possession of a controlled substance.

Prior to trial, Mr. Walton moved to compel disclosure of the confidential informant for the purpose of challenging the informant's reliability. He also moved to suppress his statements to the booking officer and the pretrial investigator on the basis the statements had not been preceded by *Miranda* warnings. The court denied both motions. The delivery charges were dismissed on motion of the State. A jury trial followed on the possession charge.

The State introduced into evidence the heroin, the drug paraphernalia and Mr. Walton's statements that he resided

at the Mallon address. Two of Mr. Walton's neighbors testified. The first stated she observed Mr. Walton at the Mallon address almost daily for the past 2 years and observed "a lot" of traffic at the Walton home when he was there. A second neighbor testified she observed a lot of traffic at the residence during all hours of the night, especially during the first 10 days of the month. She saw Mr. Walton at the Mallon address three or four times a week. She would also see him there on Saturdays when she worked in her yard. She never saw Mr. Walton knock before entering the residence. The State introduced evidence Mr. Walton was insulin dependent, requiring two insulin injections a day.

At trial, Mr. Walton denied living at the Mallon address. Mrs. Walton testified her husband did not live at the Mallon address. Both Mr. and Mrs. Walton testified he frequently visited, received mail and kept his insulin at the address. Mrs. Walton explained the telephone bill was in her husband's name because of her bad credit. Mr. Walton testified he was aware of the heroin's presence in the house, but stated it belonged to Ms. Karam. He testified his statement to the pretrial investigator was made for the purpose of improving his prospects for pretrial release.

Mr. Walton was convicted of possession of a controlled substance. He appeals.

### PRETRIAL BOOKING STATEMENTS

Mr. Walton contends the court erred in admitting his statements to the booking officer and pretrial investigator. He contends the statements helped establish constructive possession and therefore should have been preceded by *Miranda* warnings.

Whether a defendant must be advised of *Miranda* rights depends on whether the State's inquiry is (a) custodial (b) interrogation (c) by an agent of the State. *Miranda v. Arizona*, 384 U.S. 436, 444, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966); *State v. Sargent*, 111 Wn.2d 641, 647, 762 P.2d 1127 (1988). A question which is *not required* for booking purposes is "interrogation" for *Miranda* pur-

poses. *Mathis v. United States*, 391 U.S. 1, 20 L. Ed. 2d 381, 88 S. Ct. 1503 (1968); *State v. Wheeler*, 108 Wn.2d 230, 238-39, 737 P.2d 1005 (1987). Mr. Walton was in custody and his statements were made to agents of the State. Were the statements the product of an "interrogation"?

Interrogation, for purposes of *Miranda*, includes not only express questioning, but also any words or actions on the part of police which they should know are reasonably likely to elicit an incriminating response from the suspect. *Rhode Island v. Innis*, 446 U.S. 291, 301, 64 L. Ed. 2d 297, 100 S. Ct. 1682 (1980); *Sargent*, at 650. The nature of the question — not the procedure during which the question is asked — is decisive. It is well established that routine booking procedures do not require *Miranda* warnings. *Sargent*, at 651. A request for routine information necessary for basic identification purposes is not interrogation even if the information revealed is incriminating. *United States v. McLaughlin*, 777 F.2d 388, 391 (8th Cir. 1985). Only if the agent should have reasonably known the information sought was directly relevant to the offense will the request be subject to scrutiny. *United States v. Burns*, 684 F.2d 1066, 1075-76 (2d Cir. 1982), *cert. denied*, 459 U.S. 1174 (1983). The intent of the police is relevant, but not conclusive. *United States v. Booth*, 669 F.2d 1231, 1238 (9th Cir. 1981). The issue of interrogation is factual, subject to a clearly erroneous standard. *Booth*, at 1238.

The record suggests the booking officer and the pretrial investigator did nothing more than try to determine Mr. Walton's address. The questions asked were routine background questions necessary for identification and to assist a judge in setting reasonable bail. These are precisely the routine statements which are admissible, even though they ultimately prove to be incriminating. Moreover, since Mr. Walton testified he did not reside at the Mallon address, his statements were admissible for impeachment purposes. *Oregon v. Elstad*, 470 U.S. 298, 307, 84 L. Ed. 2d 222, 105 S. Ct. 1285 (1985); *United States v. McLaughlin, supra* at 392 n.3. There is no error.

## CONFIDENTIAL INFORMANT

■ Mr. Walton next contends the court erred in denying his motion to hold an in-camera hearing to determine the informant's identity. Mr. Walton contends for the first time on appeal the informant was a material witness on the question of guilt or innocence. Because he raises the issue for the first time on appeal, he has waived the right to have it reviewed. *State v. Scott*, 110 Wn.2d 682, 757 P.2d 492 (1988). We nevertheless review the claim of error.

■ The "informer's privilege" has long been recognized as an essential aid to law enforcement. *State v. Casal*, 103 Wn.2d 812, 815, 699 P.2d 1234 (1985); 1 W. LaFave, *Search and Seizure* § 3.3(g), at 698 (2d ed. 1987). The privilege is not absolute. *State v. Harris*, 91 Wn.2d 145, 148, 588 P.2d 720 (1978). The trial court may require disclosure of the informer's identity when the disclosure is relevant and helpful to the defense or is essential to a fair determination of the cause. *Harris*, at 148; *State v. Uhthoff*, 45 Wn. App. 261, 268, 724 P.2d 1103, *review denied*, 107 Wn.2d 1017 (1986). Here, the informant's identity may have been relevant to the delivery charges but those charges were dismissed. The identity of the informer would not be relevant or helpful to the defense of the remaining charge, constructive possession. There is no error.

## SUFFICIENCY OF EVIDENCE

Finally, Mr. Walton contends there was insufficient evidence to support the finding of constructive possession.

■■ Evidence is sufficient to support a criminal conviction if, after viewing the evidence most favorable to the State, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980); *State v. Longuskie*, 59 Wn. App. 838, 844, 801 P.2d 1004 (1990). A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom. *State v. Spruell*, 57 Wn. App. 383, 385, 788 P.2d 21 (1990). Deference must be given to the trier of fact. It is

the trier of fact who resolves conflicting testimony, evaluates the credibility of witnesses and generally weighs the persuasiveness of the evidence. *Longuskie*, at 844.

■ Constructive possession of a controlled substance may be shown if the person charged has dominion and control over the drugs or the premises in which those drugs are located. *State v. Bradford*, 60 Wn. App. 857, 862, 808 P.2d 174, *review denied*, 117 Wn.2d 1003 (1991). Whether a person has dominion and control is determined by considering the totality of the situation. *State v. Partin*, 88 Wn.2d 899, 906, 567 P.2d 1136 (1977).

Here, the evidence reflects: (1) Mr. Walton was aware of the presence of drugs in the home; (2) when the police arrived he hurried to the kitchen where drugs were found; (3) drug paraphernalia was found throughout the home; (4) two letters and a telephone bill addressed to him at the Mallon address were found; (5) the telephone was in his name; (6) he took insulin daily and kept syringes and insulin at the house; (7) he was frequently seen at the residence over an extended period of time; (8) he never knocked before entering; and (9) he told jail officers he resided at the Mallon address with his wife and children.

Constructive possession has been based on less evidence than presently before the court. In *Bradford*, at 864, the court found constructive possession based on receipts, utility and telephone bills all addressed to the defendant together with his presence at the address alone with two small children. In *State v. Dobyns*, 55 Wn. App. 609, 616, 779 P.2d 746, *review denied*, 113 Wn.2d 1029 (1989), constructive possession was based on a witness' observation of the defendant's car parked near the residence, a bill addressed to the defendant found in the residence, and his business card with a telephone number matching that of the residence.

There was sufficient evidence from which a rational trier of fact could have found the essential elements of the crime of possession of a controlled substance.

We affirm.

SHIELDS, C.J., and THOMPSON, J., concur.

Review denied at 119 Wn.2d 1011 (1992).