174 P.3d 111 (2007)
STATE of Washington, Respondent,
v.
Darin Russell STEWART, Jr., Appellant.
No. 25612-0-III.
Court of Appeals of Washington, Division 3.
November 27, 2007.
*112 David L. Donnan, Maureen Marie Cyr, Washington Appellate Project, Vanessa Mi-Jo Lee, Attorney at Law, Seattle, WA, for Appellant.
Terry Jay Bloor, Benton County Prosecutors Office, Kennewick, WA, for Respondent.
BROWN, J.
¶ 1 Darin Stewart, Jr. appeals his conviction for failure to register as a sex offender, contending insufficient evidence supports his conviction and both the prosecutor and the court erred in prosecuting a de minimis violation. We find the evidence sufficient to support Mr. Stewart's conviction, reject the principle of a de minimis violation, and conclude no abuse of discretion occurred. Accordingly, we affirm.

FACTS
¶ 2 On August 14, 2006, Mr. Stewart registered as a transient sex offender in Franklin County. On August 17, 2006, he provided Community Corrections Officer (CCO) Niki Bruner with a Benton County address. CCO Bruner advised him to contact the Franklin County Police Department "to make sure his registration was accurate." Report of Proceedings (Oct. 17, 2006) RP at 74. According to CCO Bruner, she has worked with Mr. Stewart since 2005 and has had a difficult time pinning him down on an address.
¶ 3 On August 21, 2006, Mr. Stewart again registered as a transient in Franklin County. Benton County Police Officer Allan Knox investigated after learning of the registration discrepancy. On August 24, 2006, Officer Knox contacted Mr. Stewart at the Benton County address. Mr. Stewart told him he had been living at the residence "a couple weeks" and had not registered in Benton County. RP at 30; see RP at 63-64. Officer Knox arrested Mr. Stewart for failure to register.
¶ 4 The State charged Mr. Stewart with failure to register as a sex offender under former RCW 9A.44.130(4)(a)(vii) and/or (5)(a) (2006). At trial, Mr. Stewart stipulated "[he] has a conviction which requires him to register as a sex offender." RP at 72; Ex. 8. According to Benton County Sheriff's Clerk Diane McCants, Mr. Stewart did not register in Benton County. Trial evidence showed Mr. Stewart continued to use the Benton County address by providing it on court documents in this case and an unrelated case. A jury found Mr. Stewart guilty. Mr. Stewart appeals.

ANALYSIS

A. Evidence Sufficiency
¶ 5 The issue is whether sufficient evidence supports Mr. Stewart's conviction. Mr. *113 Stewart contends he is not bound by former RCW 9A.44.130(4)(a)(vii), as a transient under supervision, and no evidence shows he had a fixed residence under former RCW 9A.44.130(5)(a).
¶ 6 We review a challenge to the sufficiency of the evidence in a light most favorable to the State. State v. Salinas, 119 Wash.2d 192, 201, 829 P.2d 1068 (1992). We accept the State's evidence as true and view all reasonable inferences in favor of the State. Id. Circumstantial evidence is considered to be as reliable as direct evidence. State v. Delmarter, 94 Wash.2d 634, 638, 618 P.2d 99 (1980). We defer to the trier of fact in matters of witness credibility and the weight to be assigned to the evidence. State v. Walton, 64 Wash.App. 410, 415-16, 824 P.2d 533 (1992). We will affirm if the trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Salinas, 119 Wash.2d at 201, 829 P.2d 1068.
¶ 7 We review statutory interpretation matters de novo. State v. Watson, 146 Wash.2d 947, 954, 51 P.3d 66 (2002). The primary goal in interpreting a statute is to give effect to the legislature's intent, which may be derived solely from the plain language of an unambiguous statute. Id. A statute is unambiguous if it is subject to only one reasonable interpretation; "it is not ambiguous simply because different interpretations are conceivable." Id. at 955, 51 P.3d 66.
¶ 8 RCW 9A.44.130 governs sex offender registration requirements. "Offenders who lack a fixed residence and who are under the supervision of the department shall register in the county of their supervision." Former RCW 9A.44.130(4)(a)(viii) (2006). "Any person who lacks a fixed residence and leaves the county in which he or she is registered and enters and remains within a new county for twenty-four hours is required to register with the county sheriff not more than twenty-four hours after entering the county." Former RCW 9A.44.130(4)(a)(vii) (emphasis added). Where transient status is not at issue, "[i]f any person required to register pursuant to this section moves to a new county, the person must send written notice of the change of address at least fourteen days before moving to the county sheriff in the new county of residence and must register with that county sheriff within twenty-four hours of moving." Former RCW 9A.44.130(5)(a) (emphasis added).
¶ 9 Former RCW 9A.44.130(4)(a)(vii) and (4)(a)(viii) are not ambiguous or in conflict with one another. Former RCW 9A.44.130(4)(a)(vii) applies to "[a]ny person who lacks a fixed residence and leaves the county in which he or she is registered." This includes offenders who initially registered in the county of their supervision under former RCW 9A.44.130(4)(a)(viii).
¶ 10 Here, Officer Knox located Mr. Stewart at a Benton County residence and Mr. Stewart admitted he had been living at the residence for "a couple weeks." RP at 30. The State charged Mr. Stewart with failing to register as a sex offender, under former RCW 9A.44.130(4)(a)(vii) and/or (5)(a), either as a transient in Benton County, or as a resident in Benton County. Both subsections require registration in Benton County after a 24-hour time period. Former RCW 9A.44.130(4)(a)(vii), (5)(a). Mr. Stewart fails to show he registered in Benton County. The evidence is sufficient.

B. De Minimis Claims
¶ 11 The issue is whether the prosecution or the court abused its discretion over issues Mr. Stewart characterizes as de minimis. Mr. Stewart contends both the prosecutor's charging decision and the court's failure to dismiss the charge, on its own motion, were unreasonable because he substantially complied with the registration statute.
¶ 12 A prosecutor "may . . . decline to charge where the violation of law is only technical or insubstantial and where no public interest or deterrent purpose would be served by prosecution." RCW 9.94A.411(1)(c) (emphasis added). Second, a trial court, on its own motion, "may dismiss any criminal prosecution due to arbitrary action or governmental misconduct when there has been prejudice to the rights of the accused." CrR 8.3(b) (emphasis added). "CrR 8.3(b) is designed to protect against arbitrary action or governmental misconduct *114 and not to grant courts the authority to substitute their judgment for that of the prosecutor." State v. Starrish, 86 Wash.2d 200, 205, 544 P.2d 1 (1975).
¶ 13 Mr. Stewart shows no authority for his argument. While the prosecutor or the court may decline to prosecute under certain circumstances, neither is required to do so. CrR 8.3(b); RCW 9.94A.411(1)(c). Mr. Stewart further fails to show he falls within the circumstances necessary for discretionary dismissal. CrR 8.3(b); RCW 9.94A.411(1). We reject the characterization of this matter as de minimis.
¶ 14 Affirmed.
WE CONCUR: KULIK and STEPHENS, JJ.