FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2013 MAY 20 AM 9: 11

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| GLORIA HOLCOMB, a single person, | ) | |
| | ) | |
| Appellant, | ) | No. 69370-1-I |
| | ) | |
| v. | ) | |
| | ) | DIVISION ONE |
| TAREE COMMUNITY ASSOCIATION, | ) | |
| a Washington nonprofit corporation | ) | |
| acting through its Architectural Control | ) | |
| Committee; and MORRIS MOSER, | ) | UNPUBLISHED OPINION |
| Chairman of the Association's | ) | |
| Architectural Control Committee, | ) | |
| | ) | |
| Respondents. | ) | FILED: May 20, 2013 |

PER CURIAM. On remand from our decision in Holcomb v. Taree Community Association, noted at 152 Wn. App. 1065 (2009) (Holcomb I), the trial court found that Taree Community Association (Taree) had unreasonably delayed approval of Gloria Holcomb's home construction plans, but that the delay did not cause any compensable damages. Holcomb appealed, and Taree filed a motion on the merits to affirm. RAP 18.14(a).[1] Because Holcomb's appeal is clearly without merit, we grant Taree's motion and affirm the trial court judgment.

Holcomb filed this action alleging that the Taree architectural control

---

[1] Holcomb originally filed her appeal in Division Two of this court, where a commissioner granted Taree's motion on the merits to affirm. A panel of judges modified the commissioner's ruling and transferred the appeal, including Taree's motion on the merits, to Division One. In Division One, by general order, a motion on the merits is heard by a panel of judges without oral argument unless the court orders otherwise.

committee (ACC) had breached its covenants when it unreasonably delayed communicating its approval of her home construction plans. The trial court entered a decision in favor of Taree.

Holcomb appealed. This court reversed and remanded the case to the trial court "to determine whether the ACC unreasonably delayed approval of Holcomb's plans and the amount of damages that naturally flowed from the ACC's refusal to approve Holcomb's construction application." Holcomb v. Taree Community Association, noted at 152 Wn. App. 1065 (2009) (Holcomb I), 2009 WL 3737008, at *8.

A different judge conducted a bench trial on remand. The court concluded that the ACC's delay in providing written approval was unreasonable. The court found that the delay had caused damages of $42,334.98 for septic re-design fees, architect's fees, and building permit fees. But the court concluded that Holcomb had mitigated any damages from the delay by selling the lot for a net profit of $90,653.02 and awarded no damages. The court denied Holcomb's motion for a new trial or reconsideration.

This court will grant a motion on the merits to affirm in whole or in part "if the appeal or any part thereof is determined to be clearly without merit." RAP 18.14(e)(1). In making this determination, the court considers "all relevant factors including whether the issues on review (a) are clearly controlled by settled law, (b) are factual and supported by the evidence, or (c) are matters of judicial discretion and

the decision was clearly within the discretion of the trial court." Id.

On appeal, Holcomb makes the following assignments of error:

1. The trial court erred in entering findings of fact that were not supported by substantial evidence.

2. The trial court erred in its determination of Holcomb's damages. Conclusion of Law No. 2 erroneously calculates certain damages and Conclusion of Law No. 3 is erroneously based on Findings of Fact that are not supported by substantial evidence.

3. The trial court erred in entering Conclusions of Law No. 4 and 5, offsetting Holcomb's damages against profit she earned on the sale of her property.

4. The trial court erred in not granting a new trial or reconsideration.[2]

As the appellant, Holcomb bears the burden "of perfecting the record so that this court has before it all of the evidence relevant to the issue." Allmeier v. University of Washington, 42 Wn. App. 465, 472, 712 P.2d 76 (1984). "A party should arrange for the transcription of all those portions of the verbatim report of proceedings necessary to present the issues raised on review." RAP 9.2(b). In support of her appeal, Holcomb transferred the verbatim report of proceedings from Holcomb I, but failed to provide any transcripts of the trial on remand.

Holcomb's primary contention on appeal is that the evidence before the trial court on remand was insufficient to support the court's relevant findings of fact on damages. In particular, she challenges findings of fact 8, 13, 16, 17, 18, 19, 21, 22,

---

[2] Br. of App. at 2-3.

23, 24, 25, and 31. But in making these findings, the trial court considered not only Holcomb's testimony during the first trial, but also her testimony and supporting evidence on damages during the second trial. Holcomb's failure to provide a verbatim report of proceedings from the second trial precludes any meaningful review of her claim that the evidence failed to support the challenged findings. "The findings of fact are thus verities and binding upon this court." Morris v. Woodside, 101 Wn.2d 812, 815, 682 P.2d 905 (1984). Consequently, our review is limited to determining whether those findings support the conclusions of law. See Happy Bunch, LLC v. Granview North, LLC, 142 Wn. App. 81, 88 n.1, 173 P.3d 959 (2007).

Holcomb's challenge to conclusions of law 2, 3, 4, and 5, which set forth the trial court's determination of damages resulting from Taree's delay in approving her construction plans, rests solely on her claim that the evidence was insufficient to support the relevant findings. Her challenge is therefore unreviewable. The trial court's findings of fact amply support the calculation of damages. We also decline Holcomb's invitation to review the trial court's credibility determinations. See State v. Walton, 64 Wn. App. 410, 415-16, 824 P.2d 533 (1992) (appellate court defers to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence).

Holcomb contends that no verbatim report of the second trial was necessary because her testimony and the testimony of others about her damages at the first

trial was "uncontradicted." She further maintains that the court on remand should not have permitted additional evidence on those damages and that the court's findings on damages were inconsistent with this court's decision in Holcomb I.

Contrary to Holcomb's contentions, however, Holcomb I did not direct the trial court to award damages based on Holcomb's testimony in the first trial. Rather, the court's analysis in Holcomb I identified the types of damages that were compensable, if proven, and then remanded to the trial court to determine (1) whether the ACC unreasonably delayed approving Holcomb's plans and (2) the amount of damages flowing from that delay. Nothing in this court's remand precluded the trial court from considering additional evidence or making its own credibility assessments. Holcomb's conclusory allegations to the contrary are meritless.

The lack of a sufficient appellate record also defeats Holcomb's claim that the trial court erred in denying her motion for reconsideration. Holcomb sought reconsideration based on CR 59(a)(3) (surprise), CR 59(a)(7) (no evidence to justify decision or decision is contrary to law), and CR 59(a)(9) (substantial justice has not been done). We review the trial court's decision on a motion for reconsideration or for a new trial for an abuse of discretion. Aluminum Co. of Am. v. Aetna Cas. & Sur. Co., 140 Wn.2d 517, 537, 998 P.2d 856 (2000).

Holcomb's arguments on reconsideration are again directed primarily to disputing the trial court's findings of fact and conclusions of law. For the reasons set

forth above, the record is insufficient to permit meaningful review. Accordingly, Holcomb has failed to demonstrate any abuse of discretion.

In summary, on the record before us, Holcomb's challenge to the trial court's findings of fact and conclusions of law is clearly without merit. Taree's motion on the merits is granted, and the trial court's judgment is affirmed.

_____

_____

Becker, J.