

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2014 OCT 20 AM 8: 20

# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON
## DIVISION ONE

| | |
|---|---|
| STATE OF WASHINGTON, | No. 70740-0-I |
| Respondent, | |
| v. | |
| KEITH ALAN RATLIFF, | UNPUBLISHED OPINION |
| Appellant. | FILED: October 20, 2014 |

PER CURIAM — Keith Ratliff appeals his convictions for second degree assault and felony harassment, arguing that the harassment conviction is not supported by sufficient evidence.[1] He contends the State failed to prove that he made a "true threat" to attorney Janet Cavallo or that her fear was reasonable under the circumstances. Because the State presented sufficient evidence of both, we affirm.

Based on allegations that Ratliff threatened and assaulted Cavallo in court, the State charged him with second degree assault and felony harassment. At trial, the State's evidence established that on November 15, 2012, Cavallo appeared in court as Ratliff's counsel in an unrelated criminal matter. When she requested a competency evaluation, Ratliff "seemed angry" and actively objected

---

[1] Ratliff does not challenge his assault conviction on appeal.

on the ground that an evaluation would toll his right to a speedy trial. He expressed his anger to Cavallo, saying, "[H]e did not want me to be his attorney and he did not want to be represented by ACA [Associated Council for the Accused]. He then leaned over and said, 'You're dead, bitch.'"

Cavallo did not react to Ratliff's threat and asked him to sign a document. One of two nearby marshals heard the threat and moved "a lot closer" to Ratliff and Cavallo. The marshal testified that Ratliff "stood up in his chair a little bit, looked towards his attorney, placed his right hand on the table, put his left hand on his knee, [and] leaned forward" before making the threat.

Between 30 and 45 seconds after the threat, Ratliff suddenly struck Cavallo in the jaw. Cavallo's dentist testified she suffered "soft tissue trauma to her chin, her lips, some muscle trismus [tightness of the muscles]. . . . [a]nd some tooth pain." The dentist referred her to a specialist who diagnosed her with "left TMJ arthralgia, which refers to joint pain," "myofascial pain of the masseter muscles [pain of the surrounding muscles of a joint upon palpation]," "TMJ disk displacement," and problems with chewing and speaking. Cavallo's condition made "really no change" at follow-up appointments through May 2013. To this day, Cavallo has a misaligned jaw, fractured teeth, and discomfort.

At the close of the State's case, Ratliff moved for a directed verdict, arguing that no reasonable juror could find that he made a true threat under the circumstances. The trial court denied the motion. Ratliff then took the stand and

admitted to threatening and assaulting Cavallo but denied intending to carry out his threat. A jury found him guilty as charged. He appeals.

DECISION

Ratliff first contends his harassment conviction is not supported by sufficient evidence <u>because</u> the State failed to prove either that his threat was a "true threat" or that Cavallo's fear that he would carry it out was reasonable under the circumstances. We disagree.

Evidence is sufficient if, when viewed in the light most favorable to the State, it allows any rational trier of fact to find the elements of the crime beyond a reasonable doubt.[2] For this analysis, "[c]ircumstantial evidence is just as reliable as direct evidence."[3] A challenge to the sufficiency of the evidence admits the truth of the State's evidence.[4] We defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence.[5]

Under the instructions given in this case, the jury could convict Ratliff of harassment if it found that, without lawful authority, he "knowingly threatened to

---

[2] State v. Maupin, 63 Wn. App. 887, 892, 822 P.2d 355 (1992) (citing State v. Green, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980)).

[3] State v. Frawley, 140 Wn. App. 713, 721-22, 167 P.3d 593 (2007) (citing State v. Myers, 133 Wn.2d 26, 38, 941 P.2d 1102 (1997)), review granted, 176 Wn.2d 1030 (2013).

[4] State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

[5] State v. Walton, 64 Wn. App. 410, 415-16, 824 P.2d 533 (1992), abrogated on other grounds by In re Pers. Restraint of Cross, ___ Wn.2d ___, 327 P.3d 660 (2014).

cause bodily injury immediately or in the future" to Cavallo.[6] The jury also had to find that, by words or conduct, Ratliff placed Cavallo in reasonable fear that he would carry out the threat.[7] If the jury found that Cavallo was a criminal justice participant performing official duties at the time of the threat, and that the threat caused "fear that a reasonable criminal justice participant would have under all the circumstances," then the threat was a class C felony.[8] Finally, the jury had to find that the threat was a "true threat," i.e., that it occurred "in a context or under such circumstances where a reasonable person, in the position of the speaker, would foresee that the statement or act would be interpreted as a serious expression of intention to carry out the threat rather than as something said in jest or idle talk."

In support of his argument that there was insufficient evidence of a "true threat," Ratliff points to his testimony that he threatened Cavallo because he "wanted her off the case" and that he "didn't really mean it." He also points to Cavallo's testimony that she was not immediately afraid when the threat was made and "continue[d] doing [her] job." But Ratliff's and Cavallo's subjective beliefs are not relevant to whether the threat was a "true threat." The relevant question is whether, under the circumstances existing at the time of the threat, a

---

[6] Clerk's Papers (CP) at 59-60; RCW 9A.46.020(1)(a)(i).
[7] CP 50-60; RCW 9A.46.020(1)(b).
[8] CP 60; RCW 9A.46.020(2)(b).

reasonable person uttering the threat would foresee that it would be interpreted as a "'serious expression of intention to inflict bodily harm upon or to take the life' of another."[9]

Viewing the evidence in the light most favorable to the State, a rational trier of fact could find that a reasonable person uttering the threat would foresee that it would be taken as a serious threat to inflict bodily harm. Ratliff's "angry" demeanor, his "glare," and the marshal's description of, and reaction to, the threat support that conclusion. And because the threat occurred during Cavallo's first encounter with Ratliff, there was no prior history suggesting that the threat should not be taken seriously.[10] In addition, Ratliff's virtually contemporaneous assault of Cavallo and the very real possibility they could cross paths again given Cavallo's profession strongly support the foreseeability of the threat being carried out. The State thus presented sufficient evidence that Ratliff's threat was a "true threat."

Ratliff also contends the State failed to prove that he placed Cavallo in reasonable fear that his threat would be carried out. He argues that "the State established only that Ms. Cavallo was concerned after the fact, in a general

---

[9] State v. Kilburn, 151 Wn.2d 36, 43-44, 84 P.3d 1215 (2004) (internal quotation marks omitted) (quoting State v. Williams, 144 Wn.2d 197, 207-08, 26 P.3d 890 (2001)).

[10] See State v. Locke, 175 Wn. App. 779, 793, 307 P.3d 771 ("Locke had no preexisting relationship or communications with the Governor from which he might have an expectation that she would not take his statements seriously." (citing Kilburn, 151 Wn.2d at 52-53)), review denied, 179 Wn.2d 1021 (2013).

sense that she was vulnerable in the workplace, but the State did not prove that she was placed in reasonable fear that Mr. Ratliff would specifically harm her, regardless of his harsh words." This argument overlooks the fact that the jury could consider Ratliff's "words or conduct"[11] and whether his conduct caused Cavallo to fear "bodily injury immediately or in the future."[12]

While Cavallo was not immediately afraid that the threat would be carried out, her testimony supports an inference that she immediately feared that the threat could be carried out when she was no longer protected by the courtroom setting and the presence of the marshals. She testified that the courtroom was "the safest place where I can be with a client" and that "[i]t wasn't realistic for me to have that concern [for my physical safety] because of the setting of being in open court and having the marshals standing right behind me."[13]

And even assuming Ratliff's verbal threat did not, by itself, cause Cavallo reasonable fear that the threat would be carried out, his contemporaneous conduct did. Cavallo testified that "based on the fact that he threatened me and . . . assaulted me, I would be concerned about whether or not he would assault me again." Ratliff's conduct made her "realize that he was capable of unprovoked and unpredictable violence." She testified that he has "destroyed

---

[11] (Emphasis added) CP 59; RCW 9A.46.020(1)(b).

[12] (Emphasis added) CP 59; CP 60; RCW 9A.46.020(2)(b).

[13] (Emphasis added).

[her] feeling of safety" and that she is "scared of him." Although she never felt that she was in danger before, she testified that "now, it crosses my mind almost every time I'm in court." The State thus provided sufficient evidence that Ratliff's words or conduct placed Cavallo in reasonable fear that he would carry out his threat.

In a single conclusory sentence in his brief, Ratliff argues that "[s]ubsequent fear due to a subsequent event is not sufficient to prove the crime of harassment." Because this statement is unsupported by any authority or meaningful analysis, we decline to consider it.[14]

In summary, Ratliff's conviction for felony harassment is supported by sufficient evidence.

Affirmed.

FOR THE COURT:

_____

_____

_____

---

[14] Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (argument not supported by authority); State v. Elliott, 114 Wn.2d 6, 15, 785 P.2d 440 (1990) (insufficient argument); Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989) (insufficient argument and authority).