# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

STATE OF WASHINGTON,

          Respondent,

          v.

CLARENCE JONES,

          Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

DIVISION ONE

No. 71722-7-I

UNPUBLISHED OPINION

FILED: December 29, 2014

PER CURIAM — Clarence Jones appeals from the judgment and sentence entered after a jury found him guilty of assault in the second degree and unlawful possession of a firearm in the first degree. He contends – and the State concedes – that the judgment and sentence inadvertently states the incorrect date for the assault charge. We accept the State's concession and remand for correction of the scrivener's error.

In his statement of additional ground for review, Jones alleges that both defense counsel and the police failed to adequately investigate potential witnesses. But Jones does not identify the alleged witnesses or their potential testimony. Moreover, because Jones's allegations rest on matters outside of the record, they cannot be considered on direct appeal. See State v. McFarland, 127 Wn.2d 322, 337-38, 899 P.2d 1251 (1995).

Jones next contends that the trial court erred in limiting the testimony of a State eyewitness. But he does not sufficiently identify the nature of the

improperly excluded evidence or establish any resulting prejudice. Under the circumstances, he has failed "to inform the court of the nature and occurrence" of the alleged error. RAP 10.10(c).

Jones also contends that instruction 18, the "to convict" instruction for unlawful possession of a firearm in the first degree, failed to include all of the necessary elements of the offense. But Instruction 18 followed WPIC 133.02. And Jones fails to identify the alleged missing elements or otherwise explain why the instruction was deficient. His challenge therefore fails.

Finally, Jones contends that the evidence was insufficient to support his conviction for unlawful possession of a firearm in the first degree. But his arguments rest on the claim that the State's witnesses were not credible. This court cannot review the credibility of witnesses on appeal. See State v. Walton, 64 Wn. App. 410, 415-16, 824 P.2d 533 (1992) (appellate court defers to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence).

We affirm Jones's conviction. We remand solely to permit the trial court to correct the scrivener's error on the judgment and sentence.

FOR THE COURT: