IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| LENA DANVOLGYI, | ) | No. 81823-6-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ANTHONY DANVOLGYI, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

HAZELRIGG, J. — Lena Danvolgyi appeals from the denial of her petition to renew an order for protection against Anthony Danvolgyi. Because the superior court did not abuse its discretion by finding Anthony[1] proved by a preponderance of evidence that he would not resume acts of domestic violence when the original protection order expired, we affirm.

FACTS

Lena and Anthony are parents of two minor children. In April 2019, Lena obtained a one-year domestic violence protection order protecting herself and the children from Anthony. The superior court found Anthony had committed domestic violence by physically harming one of the children and Lena had feared for the children's safety. The protection order barred Anthony from further abusing the family members but made his contact with the children, who were involved in a

---

[1] For clarity, we use Lena and Anthony's first names and intend no disrespect.

Citations and pinpoint citations are based on the Westlaw online version of the cited material.

separate ongoing dependency proceeding, subject to the custody of the Department of Children, Youth and Families (DCYF).[2]

In March 2020, Lena petitioned to renew the protection order and alleged Anthony abused their children by scratching them during scheduled visitations. At the renewal hearing, which spanned several days, the superior court heard testimony from Lena, the children's maternal grandmother, a polygraph examiner who had conducted an examination of Lena, and DCYF social worker Patricia Icard-Muth. The court also considered numerous exhibits including a DCYF letter, and a separate DCYF report that summarized Anthony's compliance with service recommendations in the dependency proceeding.

The superior court found Anthony proved by a preponderance of the evidence that he would not resume acts of domestic violence when the protection order expired. It denied Lena's petition for renewal. Lena appeals.

ANALYSIS

Lena assigns error to the superior court's denial of her request to renew the protection order. She argues insufficient evidence supported the court's finding that Anthony proved he would not resume any acts of domestic violence when the original order expired. We disagree.

---

[2] We are mindful of the recent opinion of the Supreme Court, In the Matter of the Welfare of K.D., No. 98965-6 (Wash. July 22, 2021), http://www.courts.wa.gov/opinions/pdf/989656.pdf, which directs the Court of Appeals as to the appropriate steps to be taken under RAP 3.4 to protect the identity of children, or other information that might identify them, in the context of dependency proceedings. However, this case is not a dependency or termination matter. Further, the parents affirmatively placed information from their separate dependency proceedings into the record for consideration by the trial court. The record on appeal makes clear that neither party objected to the consideration of that evidence nor moved to seal that information.

When a petitioner applies for the renewal of a protection order, "[t]he court shall grant the petition for renewal" under RCW 26.50.060(3) "unless the respondent proves by a preponderance of the evidence that the respondent will not resume acts of domestic violence against the petitioner or the petitioner's children or family or household members when the order expires." Preponderance of the evidence means "more likely than not to be true." In re Dependency of M.S.D., 144 Wn. App. 468, 478, 182 P.3d 978 (2008).

We review a superior court's ruling on a petition for renewal of a protection order for an abuse of discretion. Barber v. Barber, 136 Wn. App. 512, 516, 150 P.3d 124 (2007). A court abuses its discretion if its decision is manifestly unreasonable or exercised on untenable grounds or reasons. Eugster v. City of Spokane, 121 Wn. App. 799, 807, 91 P.3d 117 (2004).

Here, the superior court had tenable grounds to find Anthony proved he would not engage in future acts of domestic violence, absent a protection order. It based this finding primarily on the DCYF report delineating all of the services that had been ordered in the dependency proceeding, as well as Anthony's willingness to engage in and complete those services.[3] The DCYF letter said Anthony (1) underwent a psychological evaluation, (2) completed a recommended anger management assessment and a one-day anger management course, and (3) refrained from new illegal activity. Icard-Muth also testified that DCYF had not

---

[3] Lena did not designate the exhibit containing the DCYF report as part of the record on appeal. While the absence of this pertinent exhibit would normally render the record inadequate to permit our review of this issue, State v. Wheaton, 121 Wn.2d 347, 365, 850 P.2d 507 (1993), the record includes another exhibit, a DCYF letter, identifying the various services Anthony completed.

requested "either parent restrain the other parent from contacting the children" in the dependency proceeding.[4]  The record supports the challenged finding.

The remainder of Lena's claims assign error to the superior court's credibility determinations and consideration of other evidence.  But "[w]e defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence."  State v. Ainslie, 103 Wn. App. 1, 6, 11 P.3d 318 (2000) (citing State v. Walton, 64 Wn. App. 410, 415–16, 824 P.2d 533 (1992)).  In reviewing a sufficiency challenge, we must view the evidence in the light most favorable to the prevailing party.  Structurals Nw., Ltd. v. Fifth & Park Place, Inc., 33 Wn. App. 710, 716, 658 P.2d 679 (1983).  As such, we conclude the superior court did not abuse its discretion and properly denied Lena's request for renewal of the protection order.  Finding no error, we affirm.

WE CONCUR:

---

[4] Though familiar with the parties from presiding over their dependency action, the superior court informed them that it would rule on the renewal petition based only on the testimony and evidence admitted in renewal proceeding, not the dependency. Despite the superior court keeping these two proceedings separate, Anthony's brief on appeal appears to invite us to apply certain findings in the dependency action to the protection order proceeding now on review. We decline his invitation.